## The People v. López.

### Appeal from the District Court of Guayama.

#### No. 336.—Decided May 3, 1911.

Criminal Law — Offense of Carrying Concealed Weapons — Municipal Courts—Jurisdiction Thereof.—Municipal courts have jurisdiction to take cognizance of all the offenses comprised in section 4 of the act to prohibit the carrying of arms, approved March 9, 1905, because said section expressly confers such jurisdiction on said courts.

Id.—Question of Fact—Weighing of Evidence.—The determination of the place and occasion on which the defendant was detected carrying the revolver is a question of fact, and the conclusion of the trial court must not be disturbed when, after examining the evidence, it does not appear that the judge was influenced by passion, prejudice, or partiality, or committed manifest error.

Id.—Fine—Subsidiary Imprisonment.—In accordance with the decision rendered in the case of The People v. Puente, 14 P. R., 109, decided February 17, 1908, and The People v. Vázquez, 17 P. R., 298, decided March 23, 1911, subsidiary imprisonment in default of the payment of the fine cannot be imposed on the defendant when the sentence is fine and imprisonment, and a sentence to that effect may be modified on appeal.

The facts are stated in the opinion.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

The appellant did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal taken by the defendant from a sentence pronounced by the District Court of Guayama on January 17 of the current year whereby, after having been found guilty of the offense of carrying concealed weapons, he was condemned to the penalties of a fine of $50 and 30 days in jail. In case of default in the payment of said fine, he was to be held in custody, such imprisonment to be at the rate of one day for each dollar unpaid. The costs of the trial were taxed against the defendant.

An appeal taken by Julio López from a sentence pronounced by the Municipal Court of Guayama in view of a complaint filed therein by Insular Police Sergeant Agustín M. Vargas against said Julio López for the offense of carrying a revolver at a public demonstration held in said city

by the party "La Unión de Puerto Rico," on October 30 of the year last past, was tried *de novo* in the District Court of Guayama.

The appellant has not appeared to sustain the appeal.

From the statement of the case it appears that on the ground of lack of jurisdiction to take cognizance of the case the complaint was demurred to and that exception was taken to the decision of the court overruling such demurrer.

There is no doubt that the Municipal Court of Guayama had jurisdiction to take cognizance of the case as brought before it, and that on account of the circumstances surrounding the same it is manifestly comprised in section 4 of the act to prohibit the carrying of arms, approved March 9, 1905, which section expressly provides that the municipal courts shall have jurisdiction of all offenses under this section committed within their respective districts. The determination of the place and occasion on which the defendant was detected carrying the revolver was a question of fact which the district court decided in the sense averred in the complaint, and we cannot disturb the conclusions of said court because, after examining the evidence submitted in the statement of the case, we do not find that it committed manifest error or was influenced by passion, prejudice, or partiality.

The penalty established for the offense in question is a fine of not less than $25 nor more than $100, or imprisonment for a period of not less than 20 days nor more than 3 months, or both such fine and imprisonment. In the exercise of the discretion which the law recognizes therein the court concluded that it must impose, as it did impose upon the defendant, both penalties—that is, a fine of $50 and imprisonment for 30 days. But in acting thus it could not order the defendant to suffer subsidiary imprisonment in default of the payment of the fine, since such imprisonment is illegal, as we decided in the following cases: *The People* v. *José Puente Durán* and *The People* v. *José Vázquez.*

Considering the aforesaid error in law, which does not

annul the sentence appealed from, it is proper to modify the latter in the sense that the appellant shall be sentenced to the penalties of a fine of $50 and to imprisonment for 30 days, though he must not suffer subsidiary imprisonment in default of the payment of the fine.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.